**HISCOCK & BARCLAY**

BUFFALO • ROCHESTER • SYRACUSE • ALBANY • NEW YORK

ROBERT A. BARRER
PARTNER

ONE PARK PLACE
300 SOUTH STATE STREET
SYRACUSE, NEW YORK 13202-2078
T 315.422.2131 • F 315.472.3059

DIRECT DIAL 315.425.2704
DIRECT FAX 315.425.8544
RBARRER@HISCOCKBARCLAY.COM

August 21, 2007

**VIA CM/ECF**

Hon. George H. Lowe
United States Magistrate Judge
U.S. District Court for the Northern District of New York
100 South Clinton Street
P. O. Box 7346
Syracuse, NY 13261-7346

      Re:    Rusyniak v. Gensini, et al.
              N.D.N.Y. Civil Action No. 5:07-CV-279-FJS-GHL

Dear Magistrate Judge Lowe:

      With the concurrence of Mr. Hershdorfer, we are writing on behalf of all defendants in response to the August 21, 2007 letter from the attorney for plaintiffs. [Dkt. 30.] Preliminarily, we do not understand why opposing counsel copied your Honor on his letter because it seeks no specific relief from the Court. To the extent that the letter raises an issue regarding the completeness of a discovery response, the local rules call for the parties to meet and confer in an effort to resolve their differences **before** involving the Court—that has not been done in this instance.

      More importantly, defendants state that they complied with the requirements of Fed. R. Civ. P. 26(a)(1). The rule provides for the disclosure of four categories of information: (1) witnesses; (2) documents regarding claims and defenses; (3) information regarding damages; and (4) information regarding insurance coverage. The only objection raised is as to the second category of information—documents regarding claims and defenses. Rule 26(a)(1)(B) provides that there should be disclosure of the following:

> A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Hon. George H. Lowe
August 21, 2007
Page 2

By its terms, the Rule provides the disclosing party with a choice. That choice is clear and direct. Either produce the documents **or identify them by category**. The Rule does not require that the documents be disclosed outright because it may be that the opposing party will not wish to obtain copies of all categories of information so identified. If a party receives an identification of documents by category, it has options that it can follow to obtain documents that it would like to inspect and copy. Not included in those options is writing the Court to complain that the disclosing party did not proceed as the receiving party would have preferred.

Opposing counsel now suggests that an adjournment of the pending pre-answer motion to dismiss is in order because plaintiffs somehow need the broad list of documents to oppose the motion. Defendants reject that assertion and respectfully submit that a review of the list of documents requested does not jibe with the arguments raised in the motion to dismiss.

For example, the prime grounds for the motion to dismiss are lack of personal jurisdiction and forum non conveniens. No documents sought address these issues and defendants observe that the Amended Complaint pleads that all of the defendants are non-domiciliaries. A statute of limitations argument is also raised that is based upon the publicly filed documents included as attachments to the Amended Complaint. Again, no documents are sought that can address whether the allegations in the Amended Complaint (including the attachments) are sufficient to overcome the bar of the statute of limitations. The action either is or is not time-barred.

Additional legal arguments are raised regarding the sufficiency of the allegations in the Amended Complaint as well as plaintiffs' standing. As to the sufficiency of the allegations in a pleading, no documents will assist plaintiffs in this regard. The Amended Complaint either pleads or does not properly plead a cause of action. Similarly, only plaintiffs know the mechanism by which they acquired and/or transferred shares **between themselves**. No documents are sought that address the manner by which Anthony Rusyniak claims to have acquired his father's shares in the corporation. The Amended Complaint recites that Walter Rusyniak does not presently own any shares in the corporation.

The motion to dismiss does **not** raise the arguments that underlie the document requests that are listed in the letter from opposing counsel. Those arguments concern the lack of contributions to the corporation from Walter Rusyniak and whether he did or did not receive direct communications regarding shareholder meetings. A review of the motion to dismiss reveals that no such arguments or claims are raised by defendants. So, why are these documents necessary?

Lastly, defendants would like to place the present issue in context. On July 19, 2007, the Court entered an Order directing, *inter alia*, that "mandatory disclosures required under Fed. R. Civ. P. 26(a)(1) be made on or before by August 17, 2007." [Dkt. 21.] Defendants requested reconsideration of that Order which the Court denied in its Order of August 13, 2007. The August 13, 2007 Order provides in its sole decretal paragraph that it is:

> **ORDERED**, that defendants' request for reconsideration of that
> portion of the Court's Order of July 19, 2007, which directed that

SYLIB01\576539\1

certain discovery take place while defendants' motion to dismiss is pending is **DENIED**.

[Dkt. 28.] Plaintiffs have never sought a modification of the requirements of Rule 26(a)(1) to eliminate the choice afforded to defendants to either produce the documents or identify them by category.

We are prepared to participate in a conference with counsel for plaintiffs and the Court if requested. However, defendants believe that no conference is necessary. Certainly no adjournment of the motion to dismiss is necessary or appropriate based upon defendants' Initial Disclosures submitted pursuant to Fed. R. Civ. P. 26(a)(1).

If plaintiffs believe that there are documents that are required to oppose the arguments actually asserted by defendants in their motion to dismiss (as opposed to arguments that may have been discussed among counsel and not raised in the motion papers), it is respectfully submitted that those documents should be identified rather than the shotgun approach used by plaintiffs in their letter to the Court dated August 21, 2007. We leave to the Court whether such an issue should be addressed by your Honor or Judge Scullin.

Thank you for your consideration and attention to this matter.

Respectfully submitted,

Robert A. Barrer
Bar Roll No. 101099

RAB:dac
cc: Robert J. Smith, Esq,
    **Via CM/ECF**

    Victor J. Hershdorfer, Esq.
    **Via CM/ECF**

SYLIB01\576539\1