Warren W. Bader
Robert D. Essig
Kevin M. Gilligan
Robert J. Smith*
Michael A. Tremont
Alicia S. Calagiovanni
James J. Gascon
Paul G. Ferrara **
Maureen G. Fatcheric
Timothy J. Conan

John R. Langey
Daniel P. Fletcher
Anthony R. Hanley
Dennis P. Hennigan
Robert W. Connolly**
Louis J. Viviani
Edward G. Melvin II***
Samuel C. Young****
Nicole M. Marlow
Donald S. DiBenedetto

Vincent A. O'Neil, Of Counsel
Richard D. Hillman, Of Counsel
Donald L. Nicholas, Of Counsel

Jean Marie Westlake   Timothy N. McMahon **
Jenika Conboy           Kristen L. Pickard
Wendy Reese             Christina F. DeJoseph
Nadine C. Bell ++

Shelly L. DiBenedetto
Melissa S. Romano-Schulman+
Special Counsel

\*  Also admitted in Texas
\*\*  Also admitted in Massachusetts
\*\*\*  Also admitted in Connecticut
\*\*\*\*  Also admitted in Florida
\+  Also admitted in New Jersey
++  Also admitted in Pennsylvania



# COSTELLO · COONEY · FEARON PLLC
―――― Attorneys at law since 1896 ――――

SALINA PLACE | 205 SOUTH SALINA ST. | SYRACUSE, NY 13202-1327
TEL 315.422.1152 | FAX 315.422.1139

August 23, 2007

Hon. George H. Lowe
United States Magistrate Judge
United States District Court
Northern District of New York
James M. Hanley Federal Building
100 S. Clinton Street
Syracuse, NY 13202

    Re:    **Rusyniak, et al. v. Gensini, et al.**
             **Civil Action No. 5:07-cv-0279**

Dear Judge Lowe:

    Please accept this letter as a request for a conference with the Court to address the outstanding issue of document disclosure between the parties.

    Since March of this year, Plaintiffs have repeatedly requested by letter and in person that Defendants turn over certain documents pertaining to notice of forfeiture and of shareholder meetings provided to Plaintiff Walter Rusyniak, as well as records regarding the negotiation and sale of the land at issue. To date, no documents whatsoever have been provided to the Plaintiffs, despite the fact that, upon Defendants' request, Plaintiffs promptly turned over copies of Plaintiff Walter Rusyniak's check used to pay for his interest in Concha Futura, S.A., and his Stock Certificate.

    As you will recall, on July 17, 2007, the Court held a Rule 16 conference, wherein it stated that Plaintiffs were entitled to certain documents relating to notice, shareholder meetings, expenses of the corporation and whose accounts they were paid from, etc. in order to properly respond to the Defendants' then anticipated motion to dismiss. More specifically, the Court provided, over Defendants' objection, that Plaintiffs were entitled to such documentation prior to submitting any papers opposing Defendants' motion. The Court further stated that if more information was needed by Plaintiffs, the motion return date would be adjourned.

Hon. George H. Lowe
August 23, 2007
Page 2

      The issue was again raised during a court conference held on August 13, 2007, to address Defendants' request for reconsideration of the Court's Order allowing discovery to go forward pending the resolution of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. During that conference, Plaintiffs reiterated the need for documents likely to aid in responding to Defendants' motion, such as those establishing notice of shareholder meetings, notice of Plaintiffs' forfeiture, corporate records not available in the Panamanian Registry, and documentation regarding the sale of the land in question, documents which Plaintiffs know to be in the possession of the Defendants. In its Order denying Defendants' request for reconsideration, the Court determined that it is not unduly burdensome for the Defendants to produce documents in their possession or have reasonable access to. Plaintiffs submit that the requested documents fall into that category specified by the Court.

      Defendants have provided Plaintiffs with what they feel are adequate initial disclosures mandated by Rule 26. Defendants have not, however, provided any actual documents contemplated by this Court and requested by the Plaintiffs, asserting that they have absolutely no obligation to do so. Mr. Barrer has emphatically stated that he will not provide the requested documents prior to the Plaintiff's responsive papers to Defendants' pending motion because he does not believe they are relevant to the "narrow scope of his motion." Plaintiffs do not believe this is the appropriate standard for document disclosure, and strongly believes it to be the identical argument rejected by your Honor.

      Plaintiffs have repeatedly requested the specific documents as set forth above. As identified in Plaintiffs' letter of August 21, 2007, on which this Court was copied, Plaintiffs believe these documents are highly relevant to matters which are to be addressed in opposing Defendants' pending Motion to Dismiss Plaintiffs' Amended Complaint, particularly with respect to Defendants' arguments regarding personal jurisdiction and statute of limitations. Again, the relevant documents include:

- checks and payments for the sale of the land at issue;

- financial records regarding any maintenance or upkeep of the land;

- negotiations and documents regarding the land and the closing of sale file (believed to be in Syracuse, New York);

- shareholder meeting minutes;

- notices of forfeiture to Walter Rusyniak;

Hon. George H. Lowe
August 23, 2007
Page 3

- demands for additional payments to Walter Rusyniak;

- notice of shareholder meetings sent to Walter Rusyniak.

After the exchange of numerous e-mails and a lengthy discussion held with opposing counsel yesterday, it has become clear that this matter cannot be resolved without further judicial intervention. The undersigned fully understands Defendants believe that zealous representation allows them to withhold the requested documents at this stage of the litigation. However, to do so, in my opinion, is so inconsistent with this Court's prior rulings that it constitutes a violation of Rule 11 and is causing my client to incur unnecessary attorney's fees.

Accordingly, we respectfully request a conference with the Court to discuss the same be scheduled anytime after Wednesday of next week, as Mr. Barrer will be out of town until then. I am aware your Honor may well be on vacation next week, and that the week of September 3rd may be your first availability.

Thank you for your consideration of this matter.

Respectfully,

COSTELLO, COONEY & FEARON, PLLC

Robert J. Smith
Bar Roll No. 102628

RJS/lja