

BUFFALO • ROCHESTER • SYRACUSE • ALBANY • NEW YORK

ROBERT A. BARRER
PARTNER

ONE PARK PLACE
300 SOUTH STATE STREET
SYRACUSE, NEW YORK 13202-2078
T 315.422.2131 • F 315.472.3059

DIRECT DIAL 315.425.2704
DIRECT FAX 315.425.8544
RBARRER@HISCOCKBARCLAY.COM

September 4, 2007

**VIA CM/ECF**

Hon. George H. Lowe
United States Magistrate Judge
U.S. District Court for the Northern District of New York
100 South Clinton Street
P. O. Box 7346
Syracuse, NY 13261-7346

   Re: Rusyniak v. Gensini, et al.
      N.D.N.Y. Civil Action No. 5:07-CV-279-FJS-GHL

Dear Magistrate Judge Lowe:

  With the concurrence of Mr. Hershdorfer, we are writing on behalf of all defendants in response to the August 23, 2007 letter from the attorney for plaintiffs. [Dkt. 35.] By CM/ECF Text Order dated August 24, 2007, the Court has scheduled a conference call for September 5, 2007 at 9:30 a.m. to discuss the issue of document production raised by plaintiffs. Defendants strenuously dispute the arguments raised by plaintiffs and respectfully submit that they are misplaced both as a matter of fact and law.

  By way of background, the Court will recall that this action was commenced on October 27, 2006 and the Complaint raised issues of Panamanian law arising out of the ownership of a Panamanian corporation and the acquisition and sale of land in Panama. The primary thrust of the Complaint, as amended, is that plaintiffs were injured as a result of decisions made at a meeting of the shareholders of the Panamanian corporation held in the City of Panama within the Republic of Panama on January 8, 1997—some eight and one-half years prior to the commencement of the action. While there may be some difference of opinion between counsel as to how to interpret the allegations in the Amended Complaint, the Court can review the pleading for itself [*see* Dkt. 16] and see precisely what has been alleged.

  Following the commencement of the action, counsel for the parties engaged in discussions in an attempt to come to some agreement about the scope of the allegations and the claims to be asserted. During those discussions, the subject was raised about the manner and method by which plaintiffs may have received notice of the subject shareholders' meeting.

SYLIB01\578138\1

Hon. George H. Lowe
September 4, 2007
Page 2

Other discussions included the financial contributions sought of and made by plaintiffs to the corporation. Those discussions resulted in the service of an Amended Complaint which, *inter alia*, dropped a RICO claim and confirmed that there was diversity of citizenship among the parties and that all of the defendants were non-domiciliaries. [*See* Amended Complaint at ¶¶ "2" and "3."].

The Court is familiar with the recently conducted telephone conferences addressing discovery issues. The Order of August 13, 2007 [Dkt. 28] mandated compliance with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) and denied a motion for a stay of all discovery. Defendants complied with the Court's Order and made their timely disclosures on August 17, 2007. The completeness of our disclosures was the subject of our letter to the Court dated August 21, 2007. [*See* Dkt. 32.]

Defendants dispute the assertion of plaintiffs that the Court mandated at the July 17, 2007 conference that there be actual document production in order to assist plaintiffs with their response to a motion to dismiss that had not yet been filed. Similarly, defendants dispute that the assertion by plaintiffs that the result of the August 13, 2007 conference was that the Court ruled that document production was required in order to permit a proper response to the motion. Indeed, it is worth noting that the August 23, 2007 letter from plaintiffs' counsel conclusorily recites the need for documents "likely to aid in responding to Defendants' motion . . . ."

To be sure, defendants moved to dismiss the Amended Complaint. Their arguments in support of the motion to dismiss are guided by familiar principles. Namely, that the allegations in the pleading are deemed for purposes of the motion to be true and that in ruling upon the motion the Court is constrained to look at the "four corners" of the pleading together with any attached documents or documents incorporated by reference. *Speight v. Benedict*, 2007 U.S. Dist. LEXIS 22327, *7-8 (N.D.N.Y. Mar. 28, 2007).

As the Court can see, the motion to dismiss filed by defendants is based upon seven (7) legal arguments, namely:

(1)   lack of personal jurisdiction;
(2)   forum non-conveniens;
(3)   lack of standing;
(4)   statute of limitations;
(5)   failure to plead fraud with particularity;
(6)   failure to state a cause of action for breach of fiduciary duty; and
(7)   failure to state a cause of action for civil conspiracy.

Notably, defendants have **not** argued to the Court that plaintiffs received actual notice of the subject shareholders' meeting or that plaintiffs failed to make financial contributions to the Panamanian corporation.

The subjects of actual notice and financial contributions were, at one time, considered by defendants for inclusion within the motion to dismiss and were certainly discussed with

Hon. George H. Lowe
September 4, 2007
Page 3

plaintiffs' counsel. However, these arguments were **not** included because, after further consideration and a review of the Amended Complaint and its attachments, defendants concluded that they were not necessary for a successful motion.

While not presuming to suggest to opposing counsel how to properly respond to a motion to dismiss, defendants respectfully submit that plaintiffs would ordinarily be expected to address the arguments raised by defendants. Responding to the motion to dismiss with arguments not raised by defendants would not appear to be appropriate or necessary. Just as plaintiffs are the masters of their own pleading for purposes of determining whether the pleading states a claim upon which relief can be granted, it is respectfully submitted that defendants are the masters of their own motion to dismiss and can argue to the Court whatever they want in order to obtain dismissal in the most efficient manner possible.

As previously stated, the motion to dismiss does **not** raise the arguments that underlie the document requests that are contained within the correspondence from plaintiffs' counsel. Despite repeated inquiries, plaintiffs have refused to state the reason why they need this information at this time.

For example, defendants have argued that the action is barred by the statute of limitations because the minutes of the key shareholders' meeting were publicly filed and available in Panama. That fact is reflected in the Amended Complaint at paragraph "34." A copy of the minutes is attached to the Amended Complaint as Exhibit "E." Thus, whether plaintiffs received actual notice of the meeting—and for purposes of the motion to dismiss the Court should assume that they did not—defendants are still entitled to dismissal of the action. So, why do plaintiffs need shareholder notice documentation now?

Similarly, plaintiffs seek documentation concerning the transfer of property held by the Panamanian corporation. However, that subject is not raised in the motion to dismiss. What purpose will be served by requiring production of this information at this time? In their several submissions to the Court, plaintiffs have alluded to their claim that many of the documents that they seek were either promised to them by or in the possession of Mrs. Gensini's personal attorneys at the Green & Seifter Law Firm in Syracuse. We have provided copies of the correspondence from plaintiff's counsel to the Green & Seifter Law Firm and today received the attached response which is self-explanatory.

Plaintiffs have failed to identify any documents or even category of documents that they seek which relates to the pending motion to dismiss. If defendants' arguments do not carry the day and Judge Scullin determines that the Amended Complaint is not subject to dismissal, the case can proceed to full discovery. Whether defendants will in the future address such claims of actual notice and financial contributions is a subject left to another day.

Hon. George H. Lowe
September 4, 2007
Page 4


     Thank you for your consideration and attention to this matter.   We look forward to speaking with the Court on September 5, 2007.

                  Respectfully submitted,

                  Robert A. Barrer
                  Bar Roll No. 101099

RAB:dac
Attachment
cc:     Robert J. Smith, Esq. (with Attachment)
        **Via CM/ECF**
        Victor J. Hershdorfer, Esq. (with Attachment)
        **Via CM/ECF**



**GREEN·SEIFTER**
ATTORNEYS, PLLC

110 WEST FAYETTE STREET · ONE LINCOLN CENTER · SUITE 900 · SYRACUSE NEW YORK 13202 · P 315 422 1391 · F 315 422 3549♦
194 WASHINGTON AVENUE · SUITE 315 · ALBANY NEW YORK 12210 · P 518 689 3570 · F 518 689 3571♦

MICHAEL I. BALANOFF
LAURENCE G. BOUSQUET
PHILIP S. BOUSQUET
MAUREEN O. HELMER
WILLIAM S. HELMER
DAVID A. HOLSTEIN †
VIRGINIA A. HOVEMAN *
TIMOTHY M. LYNN
KEVIN R. MCAULIFFE **
SHARON A. MCAULIFFE
STEVEN A. PAQUETTE
PAUL M. PREDMORE
LOWELL A. SEIFTER ‡
THOMAS E. TAYLOR ***
JOHN L. VALENTINO
ROBERT K. WEILER
HARRISON V. WILLIAMS, JR.
KIMBERLY M. ZIMMER ††

OF COUNSEL:
JAMES F. DWYER
EDWARD S. GREEN ‡
GARY I. LAVINE ***
SIDNEY L. MANES

JASON B. BAILEY
DAVID G. BURCH
JASON J. CENTOLELLA
ANTHONY I. D'ELIA
CHRISTINE W. DETTOR
KATHLEEN M. FAULKNHAM
PAUL F. FOLEY
KIM V. HEYMAN †††
DAFNI S. KIRITSIS
LAWRENCE M. ORDWAY, JR. ††

ROBERT D. MCAULIFFE
1993-1995

DAVID A. YAFFEE
1986-2004

ALSO ADMITTED TO IL BAR *
ALSO ADMITTED TO NC BAR **
ALSO ADMITTED TO DC BAR ***
ALSO ADMITTED TO FL/PA BAR †
ALSO ADMITTED TO MA BAR ††
ALSO ADMITTED TO PA BAR †††
ALSO CERTIFIED PUBLIC ACCOUNTANT ‡
NOT FOR SERVICE OF PROCESS ♦

September 4, 2007

Hiscock & Barclay, LLP
Attn: Robert A. Barrer, Esq.
One Park Place
300 South State Street
Syracuse, New York 13202-2078

Greene, Herschdorfer & Sharpe
Attn: Victor J. Hershdorfer, Esq.
110 West Fayette Street, Suite 300
Syracuse, New York 13202

**Re: Robert J. Smith Letter dated August 9, 2007**

Dear Robert and Vic :

You shared Bob Smith's letter of August 9, 2007 with me. In that letter, Mr. Smith states that "in early fall of 2006, defendant Gensini's former counsel, Larry Bousquet, promised to forward documents establishing notice of shareholder meetings, notice of plaintiffs forfeiture, corporate records not available in the Panamanian Registry, and documentation regarding the sale of the land in question 'assuming it was alright with his client'."

Mr. Smith's statement is simply inaccurate. Mr. Smith contacted me on October 31, 2006 and requested that I accept service of the complaint in the action. I told Mr. Smith that though Green & Seifter may not technically have a conflict, having never, to my knowledge, represented Walter Rusyniak, we would not represent Mrs. Gensini because we had previously represented Mr. Rusyniak's sons in unrelated matters. I told Mr. Smith that I could not accept service of process without my client's permission. Mr. Smith said that he would proceed with service if he did not hear from me.

I subsequently spoke with Gioia Gensini, holder of Mrs. Gensini's power of attorney, who directed me not to accept service on her mother's behalf. As a courtesy, I called Mr. Smith on November 1, 2007 to tell him that I was not authorized to accept service.

Mr. Smith's statement that I "later contacted [him] to inform [him] he was conflicted out of the case and could not produce the documents which his firm had prepared" is likewise inaccurate. First, I let Mr. Smith know in one of the two discussions that we



Robert A. Barrer, Esq.
Victor J. Hershdorfer, Esq.
September 4, 2007
Page 2

had on October 31 of the potential conflict. Second, I never told Mr. Smith that I could not produce documents which Green & Seifter had prepared - our firm neither negotiated nor prepared any of the documents for the sale of the real estate in which Mrs. Gensini and Mrs. de Montaigu had an interest.

It should be noted that in each of the conversations that I had with Mr. Smith, he said that if he could be satisfied that either his client had no claim or that the claim had a value that did not justify proceeding, he would hold off on proceeding with the law suit that he had already filed. I told Mr. Smith that I would encourage such discussions, but that it was unfortunate that he had chosen to commence a law suit without first talking with me and my client.

Very truly yours,

GREEN & SEIFTER, ATTORNEYS, PLLC

Laurence G. Bousquet

LGB/bac

551057_1.DOC