# EXHIBIT "A"
# TO THE THIRD
# AMENDED COMPLAINT

COAT OF ARMS

REPUBLIC OF PANAMA

Province of Panama

--0--

**Fifth Circuit Notary**

TELEPHONES 25-8002
25-6066

ROBERTO E. DIAZ S. Esquire
NOTARY

P.O. BOX 5326
Panama 5, R.P.

México Avenue and 31 Street, East

AUTHENTICATED COPY

Deed No. 4360 OF 27 OF MAY OF 1980

THROUGH WHICH is constituted the joint-stock Company named

====================CONCHA FUTURA, S.A."======================

Located in the City of Panama, Republic of Panama.

ROLL 3936
IMAGE 0021
=======

(Illegible in Print)

(Illegible in Cursive)

MINISTRY OF FINANCE AND TREASURY
(Coat of Arms)

NOTARY PAPER
National Stamp
B/. 3.00 Three Balboas B/. 3.00

**Fifth Circuit Notary of Panama** **Seal, Stamp, Number, Illegible**

**PUBLIC DEED NUMBER FOUR THOUSAND THREE HUNDRED SIXTY**-----------------------------------
= = = = = = = = = = = = = = = = = = = = = = = = = = = 4360= = = = = = = = = = = = = = = = = = = = = = = = = =

THROUGH WHICH is constituted the joint-stock Company named "CONCHA FUTURA, S.A.", located in the City of Panama, Republic of Panama.-

Panama, May 27, 1980.
= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

In the City of Panama, Capital of the Republic, and Seat of the Notary Circuit of the same name, on the twenty-seven (27) days of the month of May of the year one thousand nine hundred eighty (1980), before me, ROBERTO EDMUNDO DIAZ SANCHEZ, Fifth Notary Public of the Panama Circuit, with personal identity card number eight-two hundred nineteen-six hundred fifty (8-219-650), appeared in person Messrs. WALTER RUSYNIAK, male, adult, married, North American, who expressed no need for an interpreter because he knows Spanish, resident of this city, and bearer of Passport number three one nine three four four two (3193442), and GOFFREDO GENSINI, male, adult, married, North American, who expressed no need for an interpreter because he knows Spanish, resident of this city, with Tributary number eight-NT-one-one zero nine nine nine (8-NT-1-10999), and bearer of Passport number US-Z-three two nine nine seven eight (US-Z-3299378), whom I know and in their own names requested to me that I grant this Public Deed to place on record that they form a joint-stock company according to the dispositions of Law thirty two (32) of nine hundred twenty seven (1927) of the Republic of Panama, regarding joint-stock companies and to that effect they adopt, establish, agree and constitute the following MUTUAL AGREEMENT:-----------------------------------------------------------------------

FIRST: The company name is: CONCHA FUTURA, S.A.---------------------------------------------------------------

SECOND: The goals or objectives for which this company is formed are those of committing itself to the development of the tourism industry, utilizing the Pacific Ocean islands of the Republic of Panama, the beaches of these islands and their abundant fishing; it also will commit itself to the construction of hotels on the islands; to the transportation to those islands by land, sea and air; to the purchase and sale of lots of land and to every legal activity allowed by the Laws of the Republic of Panama.-------------------------------------------------------------------

THIRD: The joint capital of this joint-stock company is Fifty Thousand Balboas (B/. 50,000.00) declared as 100 common nominal shares with value of Five Hundred Balboas (B/. 500.00) each.----------------------------------------

FOURTH: The number of shares, which each member of this Joint Agreement agrees to assume, is as follows:

WALTER RUSYNIAK------------------------------------------One (1) Share--------------------------------------------------
GOFFREDO GENSINI-----------------------------------------One (1) Share--------------------------------------------------

FIFTH: The company will be located in the City of Panama, Republic of Panama.--------------------------------------

SIXTH: The shareholders will have preference in the purchase of shares in the company. The shareholder or shareholders who wish to sell their shares must notify so in writing and at least ten (10) days in advance to the Board of Directors so that it decides whether the company will utilize preference in the purchase of shares and if, within that period of time, the company does not use the pertinent option, then the other shareholders will have said preference equally among them.------------------------------------------------------------------------------------------

SEVENTH: Shareholder responsibility is limited to their joint contribution and, in case of shares purchased and not paid, the responsibility will increase to the sum to be paid for such concept.

EIGHTH: The duration of the company will be PERPETUAL.-------------------------------------------------------------

NINTH: The Board of Directors will consist of no less than three (3) or no more than five (5) members; between these two points the number can be set by resolution of the Board of Directors. However, shareholders will be able to set through resolution the number of Directors to elect, in any shareholder meeting held for the election of Directors.-----------------------------------------------------------------------------------------------------------------------

TENTH: The Officers of the company will be one (1) President; one (1) Vice President one (1) Secretary-Treasurer; one (1) Member at Large.------------------------------------------------------------------------------------------------

ELEVENTH: The President will be the legal spokesperson of the company and in his absence or defection the Vice President. One same person may fill two (2) or more positions in the company.------------------------------------

TWELFTH: In case of vacancies in the Board of Directors, a majority of the Officers, then In Officio, will be able to elect the Officers to fill those vacancies. It is not necessary that the Offices be shareholders. But the Officers can be removed at any time without cause.-------------------------------------------------------------------------------------

THIRTEENTH: The Board of Officers will have total control of the company's business. It will be able, without interference from shareholders, create positions with specific functions and make appointments accordingly.-------

FOURTEENTH: The members of the Board of Directors may perform any paid position in the company in addition to the position of Officer and no Officer will be unable to execute contracts, enter into agreements, transactions or business with the company.-------------------------------------------------------------------------------------

FIFTEENTH: The President of the company or its Vice President is authorized to open, close, negotiate or initiate any type of account, be it savings or deposits in any bank or banks of any institution and sign the respective checks; being also authorized to execute loan contracts or of any other nature with any banking institution with bond and mortgage guarantee.-------------------------------------------------------------------------------

SIXTEENTH: The names of the first Officers and their addresses are: GOFFREDO GENSINI, WALTER RUSYNIAK, ROLAND DE MONTAIGU, GUIDO BEZZERA,-----------------------------------------------------------
All of them with addresses at Islas de las Perlas, Municipality of Esmeralda, District of Balboa, City of Panama, Republic of Panama.--------------------------------------------------------------------------------------------------

SEVENTEENTH: The first Officers of the company are:-----------------------------------------------------------------------
GOFFREDO GENSINI-----------------------------------------President-------------------------------------------------------------
WALTER RUSYNIAK-----------------------------------------Vice-President-----------------------------------------------------
ROLAND DE MONTAIGU---------------------------------- Secretary Treasurer-------------------------------------------------
GUIDO BEZZERA----------------------------------------------Member at Large------------------------------------------------
The Officers will hold their positions until the Board of Directors proceeds to make new nominations to replace them.-------------------------------------------------------------------------------------------------------------------------------

EIGHTEENTH: The resolutions at the Shareholder General Meeting and in the Board of Directors will be taken by a majority of votes of the shares issued and of the Officers respectively. Resolutions taken and signed by all shareholders and all Officers will have the same effect as the ones taken by them in their respective and duly summoned meetings.----------------------------------------------------------------------------------------------------------------

NINETEENTH: All Shareholder General Meetings and of the Board of Directors will be held in the company offices or in such places, inside or outside the territorial boundaries of the Republic which might be established or determined by the Board from time to time.-----------------------------------------------------------------------------------------

TWENTIETH: The Board of Officers will be authorized to hold its meetings, to have one (1) or more offices and keep the company's books in such places, inside or outside the territorial boundaries of the Republic, which might be established by the Board from time to time.-----------------------------------------------------------------------------------------

TWENTYFIRST: At any meeting of the company's Officers or of the Shareholders, any shareholder may vote or represent himself by means of a proxy, who does not need to be a shareholder or officer named by a written document, public or private, with or without the right to act as a substitute.------------------------------------------------

TWENTYSECOND: This Company will be dissolved at any time that the Board of Officers deems convenient and by the causes determined by Law. In case that the Board of Officers deems convenient the dissolution of the company it will proceed that within the ten (10) days that follow such resolution, it be notified, to all shareholders with voting right such adopted resolution and will call a session of such shareholders with the goal of reaching the necessary agreement, with regard to such resolution, if at such shareholders' session, the Board's resolution is confirmed by a two thirds (2/3) portion of the shares, the Officers immediately will proceed to the dissolution of the company and will act as fiduciary agents of the assets of the company in liquidation.-------------------------------

TWENTYTHIRD: The fiscal year will coincide with the civil year and a profit and loss statement and a balance sheet or general inventory will be done within ninety (90) days after its end.-----------------------------------------------

TWENTYFOURTH: THE RESIDENT AGENT of the company is ARMANDO OCAÑA VIETO, an Attorney, with address at Vía Argentina number sixty nine (69) El Cangrejo, City of Panama, Republic of Panama.----------

The Notary places on record that this deed has been prepared according to the first draft presented by the interested parties.----------------------------------------------------------------------------------------------------------------

This public deed having been read as it was to those appearing in front of the instrumental witnesses Messrs. MARCO ANTONIO PEREZ CEDEÑO, bearer of personal identity card number seven-twelve-thousand five (7-12-1005) and JUAN RAMOS QUINTERO, bearer of personal identity card number six-fifty two-one thousand seven hundred five (6-52-1705), both males, adult, married and residents of this city, persons whom I know, who are able to perform this duty, found it acceptable, gave it their approval and signed it for the record, before me, the Notary who certifies it.--------------------------------------------------------------------------------------------------------------

This Deed in the Notary File of the current year carries the number FOUR THOUSAND THREE HUNDRED SIXTY----------------------------------------------------------4360----------------------------------------------------------------
(Signed) WALTER RUSYNIAK--------------------------- GOFFREDO GENSINI-----------------------------------------
Marco A. Pérez C.---------------------------------Juan Ramos Q.------------------------------------ROBERTO E. DIAZ S.
Fifth Notary Public of the Circuit of Panama.-------------------------------------------------------------------------------

------------------------------------------------------ IN ACCORDANCE WITH ITS ORIGINAL, I ISSUE, SIGN AND SEAL THIS COPY IN THE CITY OF PANAMA, REPUBLIC OF PANAMA, ON THE TWENTY SEVEN (27) DAYS OF THE MONTH OF MAY OF THE YEAR NINETEEN HUNDRED EIGHTY (1980).----------------------

Signature Illegible
ROBERTO E. DIAZ S.

Seal of the Fifth Notary Circuit
Republic of Panama

# EXHIBIT "B"
# TO THE THIRD
# AMENDED COMPLAINT

COAT OF ARMS

**REPUBLIC OF PANAMA**

**Province of Panama**

**--0--**

**Fifth Circuit Notary**

TELEPHONES 25-8002
25-6066

ROBERTO E. DIAZ S. Esquire
NOTARY

P.O. BOX 5326
Panama 5, R.P.

México Avenue and 31 Street, East

S I M P L E COPY

Deed No. 6903 **OF 6** **OF AUGUST** **OF 1980**

THROUGH WHICH Mr. GOFFREDO GENSINI sells 2 tracts of land of his property to the joint-stock Company named "CONCHA FUTURA, S.A."

(Seal Of the Fifth Circuit Notary)

PUBLIC DEED NUMBER SIX THOUSAND NINE HUNDRED THREE ------------------------------------------------

= = = = = = = = = = = = = = = = = = = = = = = = = = =6903= = = = = = = = = = = = = = = = = = = = = = = = = = =

THROUGH WHICH Mr. GOFFREDO GENSINI sells 2 tracts of land of his property to the joint-stock Company named "CONCHA FUTURA, S.A." –

Panama, August 6, 1980.

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

In the City of Panama, Capital of the Republic, and Seat of the Notary Circuit of the same name, on the six (6) days of the month of August, year one thousand nine hundred eighty (1980), before me, ROBERTO EDMUNDO DIAZ SANCHEZ, Fifth Notary Public of the Panama Circuit, with personal identity card number eight-two hundred nineteen-six hundred fifty (8-219-650), appeared in person the following persons whom I know, GOFFREDO GENSINI, male, adult, currently married, North American, who expressed no need for an interpreter because he knows Spanish, resident of this city, with Tributary number eight-NT-one-one zero nine nine nine -- (8-NT-1-10999), and bearer of Passport number US-Z-three two nine nine three seven eight (US-Z-3299378), on the one part, who from now on will be named THE SELLER, and on the other part, WALTER RUSYNIAK, male, adult, married, North American, who expressed no need for an interpreter because he knows Spanish, resident of this city, and bearer of Passport number three one nine three four four two (3193442), acting in the name and representation of the joint-stock Company named "CONCHA FUTURA, S.A.", duly registered in the Public Registry, Microfilm Section (mercantile) under stamp zero five five four four two (055442), roll three nine three six (3936) image zero zero two one (0021), since the fifth (5) day of June of one thousand nine hundred eighty (1980), being able to perform this action as recorded in Article FIFTEENTH of the Joint Agreement of said Company, who from now on will be named THE BUYER, they requested that I issue this Public Deed to be placed on record and to that effect I do the following:---------------------------------------

FIRST: I declare that THE SELLER transfer to THE BUYER, under real and effective title, committing to make reparations in case of eviction, the tracts of land of his property numbers One thousand six hundred sixty (1,660), registered on page four hundred sixteen (416), in volume one hundred twenty two (122) of the Agrarian Reform of the Property Section of the Province of Panama, which consists of a total tract of land------------------------------- located in the Municipality of Esmeralda, District of Balboa, Province of Panama, and the tract of land number Sixty nine thousand one hundred ninety one (69.191), registered on page sixty eight (68), in volume one thousand six hundred ninety one (1691) of the Agrarian Reform of the Property Section of the Province of Panama, which consists of a total tract of land located in the Municipality of Esmeralda, District of Balboa, Province of Panama, whose boundaries, measurements, surface and other details of both tracts of land are recorded in the Public Registry.--------------------

SECOND: That the price of the sale of the tract of land number One thousand six hundred sixty (1,660) is the sum of ELEVEN THOUSAND BALBOAS (B/. 11,000.00) and that of the tract of land number Sixty nine thousand one hundred ninety one (69,191) is the sum of FOUR THOUSAND BALBOAS (B/. 4,000.00), for a total of FIFTEEN THOUSAND BALBOAS (B/. 15,000.00) which THE SELLER declares having received to his entire satisfaction. ------------------------------------------------------------------------------------------------



THIRD: That THE BUYER accepts the sale which has been realized by means of this Deed in the terms expressed and with the responsibilities and restrictions which fall on the tracts of land being acquired.---------------

THE NOTARY places on record that the following documents are being added to the Deed:--------------------------

-------------------------------------------CERTIFICATE OF PEACE AND EXCEPT------------------------------------------

No. 05466- - VALID UNTIL 12-31-80---The undersigned JANICE B. DE SAENZ, CHIEF OF PEACE AND EXCEPT- - - C E R T I F I E S: THAT THE TRACT OF LAND 1660 registered in the Property Registry. REAL ESTATE Section in volume 122, on page 416 which consists of LAND AND HOUSE located in the District of BALBOA which appears in the Cadastre, or Tax Apportioning Real Estate Registry, of GOFFREDO GENSINI with a value of THIRTY THOUSAND BALBOAS (B/. 30,000.00) is found to be in PEACE AND EXCEPT by the NATIONAL TREASURY, by virtue of the Real Estate Tax, until 8-31-80 - - - Place and Date August 6, 1980.-----------------------------------------------------------------------------------------------------------------

(Signed) JANICE B. DE SAENZ Card No. 1E-1-400---SEAL.------------------------------------------------------------

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

-------------------------------------CERTIFICATE OF PEACE AND EXCEPT No.05465-----------------------------

VALID UNTIL 12-31-80 - - The undersigned JANICE B. DE SAENZ, CHIEF OF PEACE AND EXCEPT - - - - C E R T I F I E S: THAT THE TRACT OF LAND 69191 registered in the Property Registry. REAL ESTATE Section in volume 1691, on page 68 which consists of LAND located in the District of BALBOA which appears in the Cadastre, or Tax Apportioning Real Estate Registry, of GOFFREDO GENSINI with a value of FOUR THOUSAND BALBOAS (B/. 4,000.00) is found to be in PEACE AND EXCEPT by the NATIONAL TREASURY, by virtue of the Real Estate Tax, until 8-31-80 - - - Place and Date August 6, 1980.-------------------
(Signed) JANICE B. DE SAENZ Card No. 1E-1-400---SEAL.------------------------------------------------------------

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

The undersigned NOTARY places on record that by virtue of this contract the down payment under law one hundred six (106) of nineteen hundred seventy four (1974) has been made according to receipts from the General Income Directorate Numbers Twenty four thousand eight hundred ninety nine (24899) for the sum of SIX HUNDRED BALBOAS (B/. 600.00) and Twenty four thousand nine hundred (24900) all dated on the six (6) of August of one thousand nine hundred eighty (1980), and based on the anticipated declaration of Property Retention covered by the aforementioned law, copy that I include with the original of this Deed to form an integral part of the same.------------------------------------------------------------------------------------------------

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

THIS public deed having been read as it was to those appearing in front of the instrumental witnesses Messrs. MARCO ANTONIO PEREZ CEDEÑO, bearer of personal identity card number seven-twelve-one thousand five (7-12-1005), and JUAN RAMON QUINTERO, bearer of personal identity card number six-fifty two-one thousand seven hundred five (6-52-1705), both males, adult, Panamanians, married and residents of this city, persons whom I know and who are able to perform this duty, found it acceptable, gave it their approval and for the record signed it along with the aforementioned witnesses, before me, the Notary, who certifies it.---------------

THIS Deed in the Notary File of the current year carries the number SIX THOUSAND NINE HUNDRED THREE ==============================6903==================== (Signed) GOFFREDO GENSINI-----WALTER RUSYNIAK-----Marco A. Pérez C.----- Juan Ramos Q.----- ROBERTO E. DIAZ S. Fifth Notary Public.----------------------------------------------------------------------

THIS COPY WHICH I ISSUE, STAMP AND SIGN, IS IN ACCORDANCE WITH ITS ORIGINAL, IN THE CITY OF PANAMA, REPUBLIC OF PANAMA, ON THE SIX (6) DAYS OF THE MONTH OF AUGUST OF ONE THOUSAND NINE HUNDRED EIGHTY (1980).============================

ROBERTO E. DIAZ S.
Fifth Notary Public

(SEAL)
Fifth Notary Public, Republic of Panama

# EXHIBIT "C"
# TO THE THIRD
# AMENDED COMPLAINT

CERTIFICATE No. 3 -25- SHARES

# CONCHA FUTURA, S.A.

LOCATED IN THE CITY OF PANAMA, REPUBLIC OF PANAMA

Established by Public Deed Number 4360 on May 27, 1980, by the Fifth Notary of the Circuit of Panama, and registered in the Public Registry, Business Persons Section, Roll 3936, Image 21, Stamp 55442.

*COMPANY CAPITAL: FIFTY THOUSAND DOLLARS (US$50,000.00). Represented by ONE HUNDRED (100) NOMINAL COMMON SHARES WITH A VALUE OF FIVE HUNDRED DOLLARS ($500. 00) EACH.*

WE CERTIFY THAT MR. *Walter G. Rusyniak*

Is the owner of *twenty five* Shares of

CONCHA FUTURA, S.A., fully paid and exempt.

Panama, August 6 of 1980

(Signature Illegible)
Secretary Treasurer

(Signature Illegible)
President

ENTERED IN THE REGISTRY BOOK OF SHARES

(On the Side Margin) -- SEAL -- Eighth Circuit Notary -- Republic of Panama

The undersigned Dr. BENIGNO VERGARA CARDENAS, Eighth Notary Public of the Circuit of Panama, with Card No. 7-73-610

CERTIFY: That this document is an authentic copy of the original.

Panama 05 May 2006

(Signature Illegible)
Dr. Benigno Vergara Cárdenas
Eighth Notary Public

# EXHIBIT "D"
# TO THE THIRD
# AMENDED COMPLAINT

(Coat of Arms)

# REPUBLIC OF PANAMA

PROVINCE OF PANAMA

## FOURTH NOTARY CIRCUIT

*GUSTAVO ESCOBAR PEREIRA, Esq.*

*N O T A R Y*

*32 Street No. 5-32*

Telephones {25-4837
{25-4828

P.O. Box 1913
Zone 1. R. de P.

## COPY OF DEED No. 2304, March 6, 1981

**Through which** are placed in the Notary File the Minutes of the Special Shareholders Meeting of the company named "CONCHA FUTURA, S.A."

(Seal Of the Fourth Circuit Notary)

DEED (ILLEGIBLE) NUMBER TWO THOUSAND THREE HUNDRED FOUR (2304).-----------------------------

---n------------------------------------------------------------------------------------------------------------

Through which are placed in the Notary File the Minutes of the Special Shareholders Meeting of the company named "CONCHA FUTURA, S.A."

Panama, March 6, 1981

------------------------------------------------------------------------------------------------------------

In the City of Panama, Capital of the Republic, and Seat of the Notary Circuit of the same name, on the six days of the month of March of one thousand nine hundred eighty one (1981), appeared in person Mr. GOFFREDO GIOVANI GENSINI, male, adult, married, North American, who expressed no need for an interpreter because he knows Spanish, resident of this city, with Tributary number eight-NT-one-one zero nine nine nine (8-NT-1-10999), and bearer of Passport number US-Z-three two nine nine three seven eight (US-Z-3299378), whom I know and as the President rendered to me to be placed in the Original Notary File, and to that effect I enter in the Notary File the Minutes of the Special Shareholders Meeting of the company named "CONCHA FUTURA, S.A."

------------------------------------------------------------------------------------------------------------

The requested placement in the Notary File is made and the copies requested by the interested parties will be issued.------------------------------------------------------------------------------------------------------------

I ADVISED the appearing party that the copy of this Deed must be registered; and – having been read as it was to those appearing in front of the instrumental witnesses Messrs. ALBERTO PINZON GARCIA, with personal identification card number four-one hundred sixteen-two thousand six hundred forty (4-116-2640) and VERNON EMMANUEL SALAZAR (ILLEGIBLE), with personal identification card number eight-forty one-two thousand seven hundred thirty five (8-41-2735), both males, adult, Panamanians and residents of this city, whom I know and who are able to perform this duty, he found it acceptable, gave it his approval and for the record signed it along with the aforementioned witnesses, before me, the Notary, who certifies it.----------------------------------------

This Deed carries the number TWO THOUSAND THREE HUNDRED FOUR (2304).- (Signed) Goffredo Gensini – A. Pinzón G. – Vernon Salazar. --- GUSTAVO ESCOBAR PEREIRA, Fourth Notary Public.-----------

------------------------------------------------------------------------------------------------------------

MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE COMPANY NAMED---------------------- "CONCHA FUTURA, S.A." ----------------------------------------------------------------------------------------------------

In the city of Panama, on January 10, 1981, it was held, at three in the afternoon, a Special Meeting of the Shareholders Board of the Panamanian Company named Concha Futura, S.A. registered in the mercantile section of the Public Registry, Roll 3936, Image 0021, Stamp 055-442.---------------------------------Present were the Members of the Board and Officers Goffredo Gensini, President, Walter Rusyniak, Vice-President, Roland de Montaigu, Secretary-Treasurer, who constitute the majority. The President Goffredo Giovani Gensini opened and presided the session. Acting as Secretary was Roland de Montaigu, who is so at the Company and who made a formal statement based on the Minutes.--------------------------------- Immediately following, the Secretary submitted to the meeting the resignation of Guido Bezzera, who held the post of Member at Large. The President proceeded to accept it, nominating Theodore Venners to replace him.-----------------------------------------------------

After ample discussion to that respect, and the motion having been made, defended and debated the following resolution was approved unanimously. It is resolved: To accept the resignation of Mr. Guido Bezzera, Company Member at Large. Likewise it is resolved to name as his replacement Mr. Theodore Venners.------------------------- The President likewise proposed the following modifications to the Company Agreement:-----------------------------

1- Decisions of the Board of Directors will require an absolute majority of seventy percent (70%). Likewise the Board of Officers limits the shareholders' investment to the convergence of an additional One million Dollars (US$1,000,000.00), the authorization of the Board of Officers being indispensably required regarding amounts which exceed the aforementioned.------------------------------
2- Shares in the Company must be offered for sale beforehand to the Company according to procedure, once acquired to be distributed among the remaining shareholders, in proportion to the amount of their investment at the time of purchase. The Company will have a term of ten (10) days to reply to the offering member, if the term expires without a reply, it will be taken as a tacit authorization to effect the sales transaction.-------------------------------------------------------------------------------------------
3- In case of death, physical or mental disability of a member, the shares will be transferred exclusively to the member's spouse or children. If they wish to sell their shares, the remaining shareholders will have the right of first refusal in the acquisition of the shares at book value or at a price determined by the Board of Officers, whichever is higher. If the term of ten (10) days expires without a reply from the Company, it will be understood as a tacit authorization to effect the sales transaction.---------------
4- Meetings of the Board of Directors will take place at least every three months.------------There not being any other matter to address the session came to an end at 5:00 P.M.--------------------------------- (Signed) Roland de Montaigu – Secretary- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This copy which I issue, stamp and sign, is in accordance with its original, in the city of Panama, on the five (5) days of the month of March of one thousand nine hundred eighty one (1981)

# EXHIBIT "E"
# TO THE THIRD
# AMENDED COMPLAINT

**DRAFT** **DRAFT** **DRAFT**

MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE **CONCHA FUTURA, S.A** COMPANY

In New York City, United States of America, at Ten Thirty Five AM (10:35 a.m.) on the ________ (__) day of ________, Nineteen Ninety Six (1996), a Special Shareholders Meeting of the company known as **CONCHA FUTURA, S.A.**, duly registered on Roll 3936, Frame 0021, Fiche 55442, of the (Mercantile) Microfilm Section of the Public Registry, was held.

Notice of this Shareholders Meeting was given as prescribed in Article 42 of Law 32 of 1927. With a majority of the voting shares issued and in circulation present at the meeting site, and following verification of the required quorum, the meeting was convened and it was moved that Ms. ENA PAOLA GENSINI should act as Ad-Hoc Acting Chairperson thereof in view of the death of the company's Chairman-President and Legal Representative, Mr. GOFFREDO GENSINI, as well as that Ms. GUNILLA DE MONTAIGU should act as Ad-Hoc Acting Secretary thereof in view of the death of the Secretary, Mr. ROLAND DE MONTAIGU, to take the minutes. Said motion was unanimously approved.

Thereupon, the Ad-Hoc Chairperson stated that the meeting's purpose was:

FIRST: Election of new directors and officers of the Company, to which end the following persons were nominated:

| | |
|---|---|
| ENA PAOLA GENSINI | PRESIDENT-DIRECTOR |
| GUNILLA DE MONTAIGU | VICE PRESIDENT-TREASURER |
| ALBERTO A. TILE P. | SECRETARY-DIRECTOR |
| LAURETTE TASSIN DE MONTAIGU | TREASURER-DIRECTOR |

SECOND: Appoint a new Resident Agent for the company, to which end the TILE Y ROSAS legal firm, domiciled at Vía Argentina No. 19, Second Floor, Panama City, Republic of Panama, was nominated.

THIRD: Amend the SIXTH clause of the Articles of Incorporation so as henceforth to read as follows: <u>SIXTH</u>: The company shall have a pre-emptive right in purchases of shares by the shareholders. A shareholder or shareholders

who wish to sell shares must give written notice thereof to the Board of Directors not less than thirty (30) days in advance, so that the Board may decide whether the Company will make use of its pre-emptive right to buy the shares, and if the Company does not exercise said option within the aforementioned term, the other shareholders shall have the same pre-emptive right among themselves.

THIRD [*sic*]: Amend the EIGHTEENTH clause of the Articles of Incorporation so as henceforth to read as follows: EIGHTEENTH: Resolutions of the General Meeting of Shareholders shall be adopted by the affirmative vote of seventy five per cent (75%) of the issued voting shares, while resolutions of the Board of Directors shall be adopted by a majority of affirmative votes cast by the Directors, respectively.

FOURTH: Amend the NINETEENTH CLAUSE of the Company's Articles of Incorporation so as henceforth to read as follows: NINETEENTH: Shareholders meetings may be held in the Republic of Panama or anywhere else in the world. Holders of both registered and bearer shares may be notified of shareholders meetings by publication of the respective notice twice (2), on different days, in a newspaper of general circulation in the Republic of Panama. Said publications shall be made not less than ten (10) calendar days nor more than sixty (60) calendar days prior to the date of the meeting. Directors' meetings may likewise be held in the Republic of Panama or anywhere else in the world.

FIFTH: Amend the TWENTY SECOND clause of the Company's Articles of Incorporation so as henceforth to read as follows: TWENTY SECOND: This company shall be dissolved at any time the Board of Directors sees fit and for the causes prescribed by law. If the Board of Directors decides to dissolve the company, it shall cause the resolution thereof to be adopted within the following 10 days, notify all the voting shareholders of the resolution so adopted, and call a meeting of said shareholders to adopt the necessary decisions in regard to said resolution. If the Board's resolution is confirmed by the holders of Seventy Five per cent (75%) of the issued voting shares at said shareholders meeting, the directors shall immediately proceed

to dissolve the company and shall act as trustees of its assets in liquidation.

SIXTH: Authorize Mr. ALBERTO A. TILE P. to solemnize and register these Minutes in the appropriate section of the Public Registry in the Company's name.

The following resolution was adopted in response to motions duly tabled, debated, and approved:

BE IT RESOLVED:

FIRST: The election of new directors and officers for the Company, to which end the following persons were nominated:

| | |
|---|---|
| ENA PAOLA GENSINI | PRESIDENT-DIRECTOR |
| GUNILLA DE MONTAIGU | VICE PRESIDENT-TREASURER |
| LAURETTE TASSIN DE MONTAIGU | TREASURER-DIRECTOR |
| ALBERTO A. TILE P. | SECRETARY-DIRECTOR |

SECOND: Appoint the TILE Y ROSAS legal firm, domiciled at Vía Argentina No. 19, Second Floor, Panama City, Republic of Panama, as the new Resident Agent for the company; said appointment was accepted.

THIRD: Amend the SIXTH clause of the Articles of Incorporation so as henceforth to read as follows: SIXTH: The company shall have a pre-emptive right in purchases of shares by the shareholders. A shareholder or shareholders who wish to sell shares must give written notice thereof to the Board of Directors not less than thirty (30) days in advance, so that the Board may decide whether the Company will make use of its pre-emptive right to buy the share, and if the Company does not exercise said option within the aforementioned term, the other shareholders shall have the same pre-emptive right among themselves.

FOURTH: Amend the EIGHTEENTH clause of the Articles of Incorporation so as henceforth to read as follows: EIGHTEENTH: Resolutions of the General Meeting of Shareholders shall be adopted by the affirmative vote of Seventy Five per cent (75%) of the issued voting shares, while resolutions of the Board of Directors shall be adopted by a majority of affirmative votes cast by the Directors, respectively.

FIFTH: Amend the NINETEENTH CLAUSE of the Company's Articles of Incorporation so as henceforth to read as follows: NINETEENTH: Shareholders meetings may be held in the Republic of

Panama or anywhere else in the world. Holders of both registered and bearer shares may be notified of shareholders meetings by publication of the respective notice twice (2), on different days, in a newspaper of general circulation in the Republic of Panama. Said publications shall be made not less than ten (10) calendar days nor more than sixty (60) calendar days prior to the date of the meeting. Directors' meetings may likewise be held in the Republic of Panama or anywhere else in the world.

SIXTH: Amend the TWENTY SECOND clause of the Company's Articles of Incorporation so as henceforth to read as follows: TWENTY SECOND: This company shall be dissolved at any time the Board of Directors sees fit and for the causes prescribed by law. If the Board of Directors decides to dissolve the company, it shall cause the resolution thereof to be adopted within the following 10 days, notify all the voting shareholders of the resolution so adopted, and call a meeting of said shareholders to adopt the necessary decisions in regard to said resolution. If the Board's resolution is confirmed by the holders of Seventy Five per cent (75%) of the issued voting shares at said shareholders meeting, the directors shall immediately proceed to dissolve the company and shall act as trustees of its assets in liquidation.

SEVENTH: Authorize Mr. ALBERTO A. TILE P. to solemnize and register these Minutes in the appropriate section of the Public Registry in the Company's name.

There being no further business to transact at this Shareholders Meeting, it was adjourned and these Minutes have been issued in witness thereof, on the date and at the place indicated above.

| | |
|---|---|
| ENA PAOLA GENSINI | GUNILLA DE MONTAIGU |
| AD-HOC ACTING CHAIRPERSON | AD-HOC ACTING SECRETARY |
| OF THE MEETING | OF THE MEETING |

The undersigned Ad-Hoc Secretary of the Shareholders Meeting hereby certifies that the foregoing Minutes are a true and complete copy of the original Minutes and that all the shareholders were represented and voted at the meeting.

GUNILLA DE MONTAIGU
AD-HOC ACTING SECRETARY
OF THE MEETING

Attested to by:

ALBERTO A. TILE P.
Identity Card No. 8-138-830
Attorney

# EXHIBIT "F"
# TO THE THIRD
# AMENDED COMPLAINT

4363/253

(Coat of Arms) (Handwritten note over part of document)

REPUBLIC OF PANAMA
PROVINCE OF PANAMA

~~55442~~ (Strikethrough)

**TENTH NOTARY** 55442

ATTY. NOEMI MOR

Tax Rates of (Illegible) 95-96

NOTARY

31/1/97

50 Street and Elvira Méndez

(Illegible)

Telephone = 223-9423
Fax = 223-9429

6-2-97

**DEED**
**COPY** No. 773 OF 20 OF JANUARY OF 1997

(SEAL)
PUBLIC REGISTRY OF PANAMA
REPUBLIC OF PANAMA

**THROUGH WHICH** ARE PLACED IN THE NOTARY FILE THE MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE COMPANY NAMED **CONCHA FUTURA, S.A.**

(5442)
(8194)
(Illegible on Margin)

**ROLL** 52973

**IMAGE** 0044

**(STAMP)**
**REPUBLIC OF PANAMA**
22-1-97 (Coat of Arms) B/. 4.00
10th NOTARY PANAMA
POSTAL SERVICE 052

**(SEAL)**
**TENTH CIRCUIT NOTARY**
REPUBLIC OF PANAMA

**REPUBLIC OF PANAMA**
NOTARY PAPER

(Coat of Arms)

**TENTH CIRCUIT NOTARY OF PANAMA**

**PUBLIC DEED NUMBER SEVEN HUNDRED SEVENTY THREE** -----------------------------------------------

--------------------------------------------------------------773--------------------------------------------------------------

THROUGH WHICH ARE PLACED IN THE NOTARY FILE THE MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE COMPANY **CONCHA FUTURA, S.A.**

Panama, January 20, 1997.

In the City of Panama, Capital of the Republic, and Seat of the Notary Circuit of the same name, on the twenty (20) days of the month of January of one thousand nine hundred ninety seven (1997), before me, NOEMI MORENO ALBA, Tenth Notary Public, with personal identity card number seven-thirty seven-seventy eight (No. 7-37-78), appeared in person ALBERTO TILE, male, adult, Panamanian, married, Attorney by profession, resident of this city, with personal identity card number eight-one hundred thirty eight-eight hundred thirty (No. 8-138-830), duly able to perform this action, requested from me that I place in the Notary File as in effect I am doing MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE COMPANY NAMED **CONCHA FUTURA, S.A.**-----------------------------------------------------------------------------------------------

The Notary places on record this deed and copies will be issued if requested by the interested parties.---------------

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

I ADVISED the appearing party that the copy of this public instrument must be registered and read as it was to those appearing in front of the instrumental witnesses **JORGE LUIS ESPINOSA**, with personal identification card number eight-two hundred sixty-nine hundred ninety five (8-260-995) and **ROBERTO DELGADO HERRERA**, with personal identification card number eight-four hundred twenty nine-eight hundred twenty five (8-429-825), adult, Panamanian able to perform this duty, for the record sign it before me, the Notary who certifies it.-----------------------------------------------------------------------------------------------------------

PUBLIC DEED NUMBER **SEVEN HUNDRED SEVENTY THREE -----773-----**

(SIGNED) ALBERTO TILE----------------------------------------------------------------------------------------------
JORGE LUIS ESPINOSA---------------------------------------------ROBERTO DELGADO HERRERA------------
NOEMI MORENO ALBA, TENTH NOTARY PUBLIC OF THE CIRCUIT OF PANAMA------------------------

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE COMPANY **CONCHA FUTURA, S.A.**

In the City of Panama, Republic of Panama, at nine in the morning (9:00 a.m.) on the eighth (8) of January of One Thousand Ninety Seven (1997), took place a Special Shareholders Meeting of the Company named **CONCHA FUTURA, S.A.**, company duly registered at Roll 3936 Image 0021 Stamp 55442, in the Microfilm Section (Mercantile) of the Public Registry.------------------------------------------------------------------------------------------

The present meeting was called according to that established by article 42 of Law 32 of 1927.------------------------

The majority of the current and issued shares being present, and after verification of the mandatory quorum, the meting began, being it proposed that Mrs. ENA PAOLA GENSINI act as Presidents Ad-Hoc in charge of the same, by virtue of the death of the President and Legal Representative of the Company, Mr. GOFFREDO GENSINI, and Mrs. GUNILLA DE MONTAIGU, as Secretary Ad-Hoc in charge of the same, by virtue of the death of the Secretary, Mr. ROLAND DE MONTAIGU, who would keep the minutes, motion which was approved unanimously.---------------------------------------------------------------------------------------------------------
Immediately, the meeting's President Ad-Hoc stated that the purpose of the same was:--------------------------------

**FIRST:** The election of new directors and officers for the Company, the following persons being candidates:------

ENA PAOLA GENSINI.................................................PRESIDENT-DIRECTOR-----------------------------------

GUNILLA DE MONTAIGU................................ VICE PRESIDENT-TREASURER-------------------------

ALBERTO A. TILE P. ............................................... SECRETARY-DIRECTOR---------------------------------

LAURETTE TASSIN DE MONTAIGU................... TREASURER-DIRECTOR----------------------------------

**SECOND:** The designation of a new Resident Agent for the Company, being candidate the Law Firm of TILE AND ROSAS, located on Vía Argentina No. 19, Second Floor, Panama City, Republic of Panama.------------------

**THIRD:** The state of the Company's business.------------------------------------------------------------------------------
On a motion presented by Mrs. GUNILLA DE MONTAIGU, it is requested from the Shareholders Board that it review the different Certificates of Share Ownership which have been issued, to establish due payment by their holders.----------------------------------------------------------------------------------------------------------------------

**FOURTH:** The shareholders' proposals. It is proposed that the Company pay all Unique Rates or other taxes that keep the Company in debt.---------------------------------------------------------------------------------------------------

**FIFTH:** The modification of clause EIGHTEEN of the Joint Agreement, remaining this way: **EIGHTEENTH:** This company will be able to, by agreement made in any session of the Board of Officers, sell, lease, exchange, or in any manner dispose of all or most of its properties and assets, including its commercial credit and its joint concessions, under such terms and conditions that the Board of Officers deem convenient, if as such it were authorized by the affirmative vote of the holders of Sixty percent (60%) of the voting shares issued, the vote being

taken at a shareholders' session called for such purpose in the manner provided by law, or if such were authorized by written consent of the majority of such shareholders.--------------------------------------------------------

**SIXTH:** The authorization of ALBERTO A. TILE P., Esquire, to, in the name of the Company, place in Notary File and register these current Minutes in the respective section of the Public Registry.------------------------------
On duly presented, discussed and approved motions, the consensus of the shareholders present agreed to the following Resolution:------------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------------------------------

----------------------------------------------------IT IS RESOLVED:--------------------------------------------------------

**FIRST:** To elect new directors and officers for the Company, the following persons being candidates:

ENA PAOLA GENSINI................................................ PRESIDENT-DIRECTOR------------------------------------

GUNILLA DE MONTAIGU......................................... VICE PRESIDENT-TREASURER--------------------------

LAURETTE TASSIN DE MONTAIGU.................... TREASURER-DIRECTOR-----------------------------------

MONIQUE DE MONTAIGU............................... SUB TREASURER-DIRECTOR----------------------------

ALBERTO A. TILE P. ............................................. SECRETARY-DIRECTOR-----------------------------------

CHARLES DE MONTAIGU............................... SUB SECRETARY-DIRECTOR----------------------------

**SECOND:** To designate as new Resident Agent for the Company the Law Firm of TILE AND ROSAS, located on Vía Argentina No. 19, Second Floor, Panama City, Republic of Panama, who accept the designation.------------

**THIRD:** To review the different Certificates of Share Ownership which have been issued, being so determined that the Certificate of Shareholder No. 3, is not recorded as being canceled, as there are in the company files several letters of collection sent to its holder, with no payment having been credited. Therefore, the Certificate of Shareholder No. 3 is annulled. In virtue of, that likewise there is in the files correspondence from the holder of Certificate of Shareholder No. 4, of which there is record that his payment was returned, and that said Share has not been issued.----------------------------------------------------------------------------------------------------------

**FOURTH:** To authorize the payment of Unique Rates and/or any other taxes which in indebt the Company.-------

**FIFTH:** To modify clause EIGHTEEN of the Joint Agreement, remaining this way: **EIGHTEENTH:** This company will be able to, by agreement made in any session of the Board of Officers, sell, lease, exchange, or in any manner dispose of all or most of its properties and assets, including its commercial credit and its joint concessions, under such terms and conditions that the Board of Officers deem convenient, if as such it were authorized by the affirmative vote of the holders of Sixty percent (60%) of the voting shares issued, the vote being taken at a shareholders' session called for such purpose in the manner provided by law, or if such were authorized by the written consent of the majority of such shareholders.--------------------------------------------------

**SIXTH:** To authorize ALBERTO A. TILE P., Esquire, to, in the name of the Company, place in Notary File and register these current Minutes in the respective section of the Public Registry.-------------------------------------------

There not being other matters to address in this Meeting, it came to a close and in witness thereof these Minutes have been issued on the date and place shown above.-------------------------------------------------------------------

(SEAL)
TENTH CIRCUIT NOTARY

773/
20/1/97

The undersigned Secretary Ad Hoc of the Meeting, by this medium certifies that the Minutes that precede are a true and complete copy of the original Minutes and that the totality of the shareholders was represented and voted during the meeting.

GUNILLA DE MONTAIGU

SECRETARY AD HOC

IN CHARGE OF THE MEETING

Countersigned by:

(Signature)

ALBERTO A. TILE P.

Card No. 8-138-830

Attorney

I, Carlos Strah Castrellón, Tenth Notary Public
Of the Circuit of Panama, with Card No. 8-147-802

CERTIFY:

That this photocopy has been verified carefully and in detail with its original and has been found totally acceptable.

Panama, 05May 2006

(SEAL)
TENTH CIRCUIT NOTARY
**REPUBLIC OF PANAMA**

(Signature Illegible)

Carlos Strah Castrellón
Tenth Notary Public

# EXHIBIT "G"
# TO THE THIRD
# AMENDED COMPLAINT

The present contract has taken place in the City of Panama, Republic of Panama, on the DATE June of the year two thousand five (2005).----------------------------------------------------------------------------------------------------

**MINUTES OF THE SPECIAL SHAREHOLDERS MEETING OF THE COMPANY NAMED CONCHA FUTURA, S.A.**------------------------------------------------------------------------------------------------------------

In the city of Syracuse New York, United States of America, at ten (10) in the morning on the twenty four (24) of June of two thousand five (2005) took place a Special Shareholders Meeting of the Company named **CONCHA FUTURA, S.A.** company duly registered on Roll 3936 Image 0021 Stamp 55442 of the Mercantile Section (Persons) of the Public Registry.-----------------------------------------------------------------------------------------

Having previously excused themselves those who are entitled to, and being present the majority of the issued, active and voting shares and the required quorum having been verified, which was presided by Mrs. ENA PAOLA GENSINI, acting in her capacity of President and by Alberto Antonio Tile Paternina (underlined by hand and corrected on right margin) in his capacity as Secretary, who kept the minutes of the meeting.--------------------

The proceedings opened, the President stated that the purpose of the same is:------------------------------------------

**FIRST:** To submit to the consideration of the Shareholders Board the entering into the Contract of Promise of SALE TRANSACTION of Tract of land No.1660, registered in volume 122 Page 416 of the Property Section, Public Registry of the province of Panama; of Tract of land No. 69191 registered in Volume 1691 Page 68 of the Property Section, Public Registry of the province of Panama. **SECOND:** To submit into consideration the granting of authorization to Alberto Antonio/ Tile Paternina (corrected on left margin) so that in his capacity as Secretary of the Board of Officers, he sign the Promise of Sale Transaction and perform all activities geared to the execution of the sale transaction of the tracts of land mentioned above, property of **CONCHA FUTURA, S.A.** as well as the placing on original Notary File and the registration of the Draft derived from this operation, and the minutes of this meeting.-----------------------------------------------------------------------------------------------------

Immediately following discussion was opened to the motions presented prior to the Secretary Alberto Antonio/ Tile Paternina (corrected on left margin) having realized an ample exposition of the proposals received and the negotiations that have taken place with the two interested companies, in the past six months, indicating that according to the offers received, the totality of the land would be sold at a price equivalent to Two Dollars and Twenty five Cents (USD$2.25) per square meter.

The corresponding payments being made in a maximum term of one year, in a successive manner and previous to the payments of a non-refundable sum at the signing of the contract. Equally a reading was made of an electronic mailing dated on June 15, 2005, sent by Charles De Montaigu, who in his own name and representing Lisa Sotelo De Montaigu and Laurette De Montaigu, accepts the terms of the negotiation conditioned to receiving the part in proportion to the investment by the three, with the first and second payment made by the promissory buyer proceeding to render his duly endorsed shares. In addition, a reading was made of another electronic mailing dated on June 20 in which, he excused himself of attending, but gave his permission to be in communication with the assembled shareholders by telephone or by internet, which proceeded to be done with the purpose of making known to him the terms and conditions of the offers received.-----------------------------------------------------------------

Having been submitted to discussion and having been approved the following resolution was agreed upon:---------

-----------------------------------------------------IT IS RESOLVED----------------------------------------------------------

**FIRST:** To authorize the subscription of the Contract of Promise of SALE TRANSACTION of Tract of land No.1660, registered in volume 122 Page 416 of the Property Section, Public Registry of the province of Panama; of Tract of land No. 69191 registered in Volume 1691 Page 68 of the Property Section, Public Registry of the province of Panama, at a price of Two Dollars and Twenty five Cents (USD$2.25) per square meter, the sum total being paid in a maximum term of one year, and the payment of a non-refundable sum prior to the signing of the respective promise of sale transaction.-------------------------------------------------------------------------------------------

**SECOND:** To grant authority to Alberto Antonio Tile Paternina (corrected on left margin) so that on behalf and representation of it, he subscribe the Contract of Promise of Sale Transaction and perform all activities geared to the execution of the sale transaction of the tracts of land mentioned above, property of **CONCHA FUTURA, S.A.** as well as the placing on original Notary File and the registration of the Draft derived from this operation, and the minutes of this meeting.------------------------------------------------------------------------------------------------

There not being other matters to address in this Meeting, it came to a close and in witness thereof these Minutes have been issued on the date and place shown above.---------------------------------------------------------------------------

(SIGNED)---------------------- ENA PAOLA GENSINI, President --------------------Alberto Antonio Tile Paternina/ (corrected on right margin) Secretary. The undersigned Secretary of the Meeting by these means certifies that the Minutes which precedes is a true and complete copy of the original minutes.---------------------------------------------

# EXHIBIT "H"
# TO THE THIRD
# AMENDED COMPLAINT

(STAMP)
REPUBLIC OF PANAMA
11.7.06 (Coat of Arms) B/. 4.00
11th NOTARY PANAMA
(Illegible)

(SEAL)
(Illegible)CIRCUIT NOTARY
REPUBLIC OF PANAMA

**REPUBLIC OF PANAMA**
NOTARY PAPER

(Coat of Arms)

**ELEVENTH CIRCUIT NOTARY OF PANAMA**

**PUBLIC DEED NUMBER FOUR THOUSAND TWO HUNDRED EIGHTY ONE**------------------------------

-----------------------------------------------------------------4281-----------------------------------------------------------------

THROUGH WHICH THE COMPANY **CONCHA FUTURA, S.A.** performs a contract of promise of sale transaction with the company named **ATAHUALPA PANAMA INC.**----------------------------------------------------

------------------------------------------------Panama, JULY 11, 2005------------------------------------------------------------

In the City of Panama, Capital of the Republic and Seat of the Notary Circuit of the same name, on the eleven (11) days of the month of July of the year two thousand five (2005), before me, AUGUSTO CESAR AROSEMENA SANTAMARIA, Eleventh Notary Public of the Circuit of Panama, with personal identity card number eight-three hundred eighty one-sixteen (8-381-16), appeared in person (Alberto Antonio Tile Paternina), Certified Public Accountant and Attorney by profession, adult with personal identity card eight-one hundred thirty eight-eight hundred thirty (No. 8-138-830), on behalf of and representing the company named **CONCHA FUTURA, S.A.** a joint-stock company registered under Stamp fifty five thousand four hundred forty two (55442), Roll three thousand nine hundred thirty six (3936), Image twenty one (21), of the Mercantile Section of the Public Registry of Panama, duly authorized for this action, according to Minutes which are found enclosed further in the present deed, who from now forward will be named as **THE PROMISSOR SELLER** and **JUAN CARLOS ARAUZ**, male, Panamanian, single, adult, attorney by profession, bearer of personal identity card number eight-seven hundred twenty two-one thousand two hundred fifty (8-722-1250), acting in his capacity of president and legal representative of **ATAHUALPA PANAMA INC.** a joint-stock Company registered under Stamp four hundred sixty four nine hundred thirty six (464936), Redi Document Number six hundred eighty and three thousand seven hundred twenty five (683725) of the Mercantile Section of the Public Registry of Panama, duly authorized for this action, according to Minutes which are found enclosed further in the present deed, who from now forward will be named as **THE PROMISSOR BUYER**, persons whom I know and who requested from me that I elevate to Public Deed, as in effect I do, the present contract of Promise of sale transaction of the following tracts of land:--------------------------------------------------------------------------------------------------

a) Tract of land number sixty nine thousand one hundred ninety one (69191), registered in volume one thousand six hundred ninety one (1691), Page sixty eight (68); b) Tract of land number one thousand six hundred sixty (1660), registered in volume one hundred twenty two (122), Page four hundred sixteen (416); and whose measurements and boundaries are recorded in the Property Registry of Panama, Property Section, Province of Panama, property of **THE PROMISSOR SELLER**, in the presence of the instrumental witnesses Messrs., **LUIS RUBEN MORALES**, with personal identity card number eight-ninety two-nine hundred fifty nine (8-92-959) and **MIRNA NORA MENDEZ**, with personal identity card number four-eighty two-nine hundred eighty two (4-82-982), adults, residents of this city, whom I know and who are able to perform this duty, who agreed to comply with the following clauses: ----------------------------------------------------------------------------------------------------

**FIRST: THE PROMISSOR SELLER** Declares that he is the proprietor of the following tracts of land: a) Tract of land number sixty nine thousand one hundred ninety one (69191), (1) (underlined and numbered by hand), registered in volume one thousand six hundred ninety one (1691), Page sixty eight (68), equivalent to forty eight hectares eight thousand nine hundred fifty seven square meters (48 has 8,957 mt2) of surface; and b) Tract of land number one thousand six hundred sixty (1660), (2) (underlined and numbered by hand), registered in volume one hundred twenty two (122), Page four hundred sixteen (416) equivalent to twenty three hectares with nine thousand five hundred eighty seven and seven square decimeters (23 has + 9,587.77 mt2) of surface, and whose descriptions, measurements and boundaries are recorded in the Property Registry of Panama, Property Section, Province of Panama; all located in the Municipality of Esmeralda, District of Balboa, Province of Panama, and which from now forward well be named **THE TRACTS OF LAND.**---------------------------------------------------

**SECOND: THE PROMISSOR SELLER** Declares that he is bound to sell to **THE PROMISSOR BUYER,** and that he is bound to purchase from **THE PROMISSOR SELLER THE TRACTS OF LAND** at the agreed upon and adjusted price of two dollars and twenty-five cents (U.S.D.$2.25) per square meter, that is, ONE MILLION FIVE HUNDRED NINETY SEVEN THOUSAND FIVE HUNDRED AMERICAN DOLLARS (U.S.D.$1,597,500.00) payable in the following manner: 1) the sum of THIRTY EIGHT THOUSAND AMERICAN DOLLARS (USD$38,000.00) non-refundable in case of non-compliance by **THE PROMISSOR BUYER,** payable at the signing of the present contract by certified or manager's check made to **BRIGHT STAR FINANCE, S.A.**-----------------------------------------------------------------------------------------------------------

2) The sum of THREE HUNDRED NINETY FOUR THOUSAND AMERICAN DOLLARS (USD$394,000.00) payable on the twenty-eight calendar days of the signing of the present deed and which will be deposited in an escrow account at the bank designated by the parties once the money is deposited the bank will notify the **THE PROMISSOR SELLER** regarding such deposit and the bank will keep the money in deposit and will release it

to **THE PROMISSOR SELLER** once this CONTRACT OF PROMISE OF SALE TRANSACTION is registered in the Public Registry.-----------------------------------------------------------------------------------

3) The sum of FOUR HUNDRED TWENTY SIX THOUSAND FIVE HUNDRED AMERICAN DOLLARS (USD$426,500.00), which **THE PROMISSOR BUYER** declares that he is bound to cancel within a total of six (6) months (underlined by hand) from the signing of this contract and that together with the two previous payments correspond to sixty percent (60%) of the total sale price and which from now forward will name THE PARTIAL PAYMENT which will allow the release and transfer of the tract of land designated wit the number 1660, described in section b of the First Clause of this contract, in favor of THE PROMISSOR BUYER or in favor of whomever he designates. Also will be taken as a minimum guarantee of compliance of this present promise twenty percent (20%) of the price paid but not released which will be non-refundable in case of non-compliance by the PROMISSOR BUYER. The paying out of this third installment will be by way of deposit in the escrow account of the bank designated by the parties and once the bank confirms the existence of the sum agreed upon, the promissory seller and the promissory buyer will sign and register the Sale transaction of the tract of land 1660 in favor of THE PROMISSOR BUYER or whomever he designates, in this manner the bank will release the money to the PROMISSOR SELLER once it has been duly registered in the Public Registry.------------

4) The remaining balance, that is the sum of SIX HUNDRED THIRTY NINE THOUSAND AMERICAN DOLLARS (USD$639,000.00), plus the interest which may have been generated after the paying out of the second payment calculated on the unpaid balance which may exist up to the date of the transfer of the TRACTS OF LAND, calculated on the basis of a rate of five percent (5%) annually, paid to THE PROMISSOR SELLER by means of the sum agreed upon, or by the delivery of an irretrievable promissory letter of payment or other similar document issued by a local bank of the first order in which said banking institution is bound in an irretrievable manner to pay said quantity to THE PROMISSOR SELLER, once the Public Deed of the Sale Transaction of THE TRACT OF LAND No. 6919, described in section a of the First Clause of the present contract, in favor of THE PROMISSOR BUYER, has been duly registered in the Public Registry.-------------------

**THIRD: THE PROMISSOR SELLER AND THE PROMISSOR BUYER** are bound to sign SALE TRANSACTION DEED, contingent on the transfer of THE TRACTS OF LAND the subject of the present contract in the terms and conditions described in the previous clause and in a time period not greater than twelve (12) months total from the moment of the signing of the present contract.--------------------------------------------------

**FOURTH: THE PROMISSOR SELLER** declares that he expressly authorizes **THE PROMISSOR BUYER** to promote THE TRACTS OF LAND, directly or indirectly, through another Company or Real Estate Agency expressly designated by him for future Projects and/or Investments, this in no manner implying responsibility for **THE PROMISSOR SELLER**, by means of the activities, actions and/or contracts which **THE PROMISSOR**

**BUYER** executes or may execute, in exercising the authorization which has been expressed in this clause, which will be only and exclusive responsibility of **THE PROMISSOR BUYER.** This condition will be made known by the **PROMISSOR BUYER** in each and every contract that he performs with third parties for purposes of promotion of THE TRACTS OF LAND ---- In case that the **PROMISSOR BUYER** require to make improvements to tracts of land, which have not been released, he will be required to have previous written authorization from **THE PROMISSOR SELLER.**----------------------------------------------------------------------------

**FIFTH:** The parties declare that should the sale transaction contract not take place in the agreed upon term of twelve (12) months, for causes imputable to **THE PROMISSOR BUYER, THE PROMISSOR SELLER** will have the right to retain for himself, in concept of compensation, the sums given to him by the **THE PROMISSOR BUYER** as initial installment or compliance guarantee. It being understood that the construction of any improvement, previously authorized by **THE PROMISSOR SELLER,** will remain to his benefit, should the Contract not be executed, for causes imputable to him. If, to the contrary, the respective sale transaction contract is not executed in the term previously agreed upon for causes imputable to **THE PROMISSOR SELLER, THE PROMISSOR BUYER** will be able to solve the right plenary session of the present contract and to receive from **THE PROMISSOR SELLER** the sums given to him as initial installment or compliance guarantee plus the interest generated to date.------------------------------------------------------------------------------------
Equally it will be cause for resolution of the present contract of promise of sale transaction, if for causes imputable to **THE PROMISSOR BUYER,** the notification or interjection of any legal or administrative action **against THE PROMISSOR SELLER,** as consequence of the promotional activities of the tracts of land authorized in the Fourth Clause of the present contract, performed by **THE PROMISSOR BUYER,** directly or indirectly, by means of another Company or Real Estate Agency expressly designated by him for future Projects and/or Investments, case in which **THE PROMISSOR SELLER** will have the right to retain for himself, in concept of compensation, the sums given to him by the **THE PROMISSOR BUYER** as initial installment.--------

**SIXTH:** The parties agree that without damage to what was previously agreed, payments or partial installments may be made to pay out one or more tracts of land subject of the present contract, before the expiration of the term of twelve months agreed upon for the execution of the total or complete payout of the debenture agreed upon. The release of the tracts of land to THE PROMISSOR BUYER will be in accordance to his development plan and will start with tract of land 1660. The total price of THE TRACTS OF LAND in no manner will exceed The sum of ONE MILLION FIVE HUNDRED NINETY SEVEN THOUSAND FIVE HUNDRED AMERICAN DOLLARS (U.S.D.$1,597,500.00), at two dollars and twenty-five cents (USD$2.25) per square meter agreed upon according to that established in the Second Clause of this contract. The parties also agree that after the PARTIAL PAYMENT described in the Second Clause of this contract, the minimal compliance guarantee will be

kept at a margin of 20%, so that any partial installment may be applied to the payment and transfer of all the properties subject of the present contract in favor of **THE PROMISSOR BUYER** or whomever he designates, as long as this 20% is kept as a margin of guarantee. Only in case of the total cancellation of the sale price, such 20% will proceed to be applied as minimum guarantee margin of the agreed upon price.------------------------------------------

**SEVENTH:** The parties agree that once the term of duration of the contract of Promise of Sale Transaction of THE TRACTS OF LAND is expired without it having been prolonged or executed and without there having been a forceful or imputable cause to the **THE PROMISSOR SELLER,** he will be able to solve the right plenary session the present contract and request in an unilateral manner, and without any formality the rise of the inscription of the Contracts of Promise of Sale Transaction in the Public Registry.------------------------------------------

**EIGHTH: THE PROMISSOR SELLER and THE PROMISSOR BUYER** declare that the sale of **THE TRACTS OF LAND** will be made free from restrictions, except the restrictions by Law and those restrictions placed on record in the Public Registry, **THE PROMISSOR SELLER** being bound to make reparations in case of eviction.------------------------------------------------------------------------------------------------------------

**NINTH: THE PROMISSOR BUYER** declares that he knows **THE TRACTS OF LAND** and that he accepts them in the state in which they are currently found, according to the topographical survey executed by Mr. Edgar Rojas Suira, whose blueprint has been delivered and is known by **THE PROMISSOR BUYER.**---------------------

**TENTH: THE PROMISSOR SELLER** is bound to deliver to **THE PROMISSOR BUYER** the certificates of property peace and except and of the IBAAN of **THE TRACTS OF LAND** as well as any other document which may be necessary for the registration of the deed of sale transaction of **THE TRACTS OF LAND** in matters of the Public Registry. Expenses for the rendering of the deed of sale transaction of **THE TRACTS OF LAND,** as well as those corresponding to is registration in the Public Registry, will be incurred by **THE PROMISSOR BUYER.**------------------------------------------------------------------------------------------------------------------

**ELEVENTH:** The transfer tax covered by Law No. 106 of 1974, modified by Law No. 31 of 1991 and Law No. 28 of 1995 and Law No. 8 of February 2, 2005, will be incurred by **THE PROMISSOR SELLER.**----------------

**TWELFTH:** All expenses incurred in the preparation of the first draft, registration and the rising of the registration of the contract of Promise of Sale Transaction of THE TRACTS OF LAND in the Public Registry, will be incurred by **THE PROMISSOR BUYER.**-------------------------------------------------------------------------

(REPUBLIC OF PANAMA-FOUR STAMPS ONE BALBOA EACH)

Entered into the Public Registry of Panama
Province: Panama
Volume: 2005
Presenter: SHARON ROMERO
Liquidation No. 8873167
Entered by: ERSU

Date and Time: 2005/08/04 17:40:54:6
Seat 123239
Card: 8-755-137
Total Rights: 28.00

(Signed) Olivia G. de Nieto
Public Registry of Panama
Delivery Department
Defective Documents

(SEAL) REPUBLIC OF PANAMA
(Illegible) PUBLIC REGISTRY

Name SHARON ROMERO (handwritten)
Card No. 8-755-137
August 10, 2006
(Signature Illegible)
Supervisory Signature

(SEAL) REPUBLIC OF PANAMA
(Illegible) PUBLIC REGISTRY

Entered into the Public Registry of Panama
Province: Panama
Volume: 2005
Presenter: IDELFONSO SUIRA
Liquidation No. 8872808
Entered by: ZUCA
(Signed) Olivia G. de Nieto

Date and Time: 2005/08/23 11:22:22:6
Seat 132013
Card: 8-755-137
Total Rights: 20.00

Registered in the Technology Information System
Of the Panama Public Registry

(SEAL)

Section Property Province Panama (SEAL)

Tract of Land 1660 Location Code No. 8103 (SEAL)

Redi Document No. 834939 Seat No. 3

Transaction Performed Promise of Sale Transaction

Registry Rights B/. 4.00

Classification Rights B/. 10.00

Location and Date of Registration Panama August 30, 2005

(Signed) Ana Celinda de Cortés
Chief Registrar

Registered in the Technology Information System

Of the Panama Public Registry

Section Property Province Panama

Tract of Land 69191 Location Code No. 801

Redi Document No. 834939 Seat No. 3

Transaction Performed Promise of Sale Transaction

Registry Rights B/. 4.00

Classification Rights B/. 4.00

Location and Date of Registration Panama August 30, 2005

(Signed) Ana Celinda de Cortés

Registrar illegible

(SEAL) REPUBLIC OF PANAMA
PANAMA PUBLIC REGISTRY

PANAMA PUBLIC REGISTER (Faded and Illegible)

I Certify

That this is a true copy of the document (Illegible) which I issue (Illegible) today

5-5-2006 (Signature Illegible)

(SEAL) REPUBLIC OF PANAMA
PANAMA PUBLIC REGISTRY

Rights Paid 50.00

Requisition No. 982298 -- Copies

# EXHIBIT "I"
# TO THE THIRD
# AMENDED COMPLAINT

**From:** David Neff [dneff@twcny.rr.com]
**Sent:** Monday, May 08, 2006 10:06 PM
**To:** Bousquet,Laurence G. LGB
**Cc:** tileasoc@cableonda.net
**Subject:** Re: Rusyniak

Dear Mr. Tile,
I have received this e-mail that you sent to Larry Bousquet. I authorize you to proceed as you recommend.
Regards,
Gioia Gensini

----- Original Message -----
From: "Bousquet,Laurence G. LGB" <lbousquet@gslaw.com>
To: <dneff@twcny.rr.com>
Sent: Monday, May 08, 2006 9:36 PM
Subject: FW: Rusyniak

-----Original Message-----
From: Tile y Asociados [mailto:tileasoc@cableonda.net]
Sent: Monday, May 08, 2006 6:02 PM
To: David Neff; Charles De Montaigu; Laurette Tassin De Montaigu; Lisa Monique De Montaigu; Charles De Montaigu
Cc: Bousquet,Laurence G. LGB
Subject: RV: Rusyniak

To the Shareholders: Hereby I report you all that been informed that the son of W. Rusyniak, intends to initiate a demand in Panama, as he considers himself shareholder of the company, considering he is in possession of stock certificate of Concha Futura, S. A.. Such certificate was considered voided by Stockholders in January 1997, because the corresponding investment was not performed.

I have met and discussed this matter with Mr. Simon Tejeira, of the legal firm Morgan & Morgan accordingly we recommend the following actions:
1. Transfer all remaining properties o sell them to Athahualpa Panamá Inc.(buyers corp.) 2. Concurrently, the capital shares of this company Athaualpa Panamá Inc.
shall be issued in favor of shareholder (Gensini/ Montaigu in proportion to the actual investment for both companies.
3. Change a members of Board of Directors of Athaualpa Panamá Inc.
4. These Actions must be achieved within the next 48 hours.

We need your authorization as soon as possible.

Alberto Tile

**From:** Bousquet,Laurence G. LGB [lbousquet@gslaw.com]
**Sent:** Monday, May 08, 2006 9:41 PM
**To:** lgbousquet@earthlink.net
**Subject:** FW: Rusyniak

-----Original Message-----
From: Tile y Asociados [mailto:tileasoc@cableonda.net]
Sent: Monday, May 08, 2006 6:02 PM
To: David Neff; Charles De Montaigu; Laurette Tassin De Montaigu; Lisa Monique De Montaigu; Charles De Montaigu
Cc: Bousquet,Laurence G. LGB
Subject: RV: Rusyniak

To the Shareholders: Hereby I report you all that been informed that the son of W. Rusyniak, intends to initiate a demand in Panama, as he considers himself shareholder of the company, considering he is in possession of stock certificate of Concha Futura, S. A.. Such certificate was considered voided by Stockholders in January 1997, because the corresponding investment was not performed.

I have met and discussed this matter with Mr. Simon Tejeira, of the legal firm Morgan & Morgan accordingly we recommend the following actions:
1. Transfer all remaining properties o sell them to Athahualpa Panamá Inc.(buyers corp.) 2. Concurrently, the capital shares of this company Athaualpa Panamá Inc.
shall be issued in favor of shareholder (Gensini/ Montaigu in proportion to the actual investment for both companies.
3. Change a members of Board of Directors of Athaualpa Panamá Inc.
4. These Actions must be achieved within the next 48 hours.

We need your authorization as soon as possible.

Alberto Tile