UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER RUSYNIAK; and ANTHONY
RUSYNIAK,

                      Plaintiffs,                      5:07-CV-0279
                                                                          (GTS/GHL)
v.

ENA PAOLA GENSINI; GUNILLA
De MONTAIGU; and CONCHA FUTURA, S.A.,

                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

COSTELLO, COONEY & FEARON, PLLC          ROBERT M. SMITH, ESQ.
  Counsel for Plaintiffs                               KRISTEN L. PICKARD, ESQ.
205 South Salina Street
Syracuse, NY 13202-1327

HISCOCK & BARCLAY, LLP                        ROBERT A. BARRER, ESQ.
  Counsel for Defendants Gunilla
  De Montaigu and Concha Futura, S.A.
One Park Place
300 South State Street
Syracuse, NY 13202-2078

GREENE, HERSHDORFER & SHARPE             VICTOR J. HERSHDORFER, ESQ.
  Counsel for Defendant Ena Paola Gensini
One Lincoln Center, Suite 330
Syracuse, NY 13202-1309

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

      Currently pending before the Court in the above-captioned action is a motion by Defendants containing two alternative requests for relief: (1) a request for reconsideration of Part III.D.5 of the Court's Decision and Order of May 5, 2009, denying Defendants' request for dismissal of all of Plaintiffs' claims due to the doctrine of *forum non conveniens*; and (2) a

request for dismissal of the First Cause of Action of Plaintiffs' Third Amended Complaint (asserting a claim of violation of Panama law) as barred by the three-year statute of limitations set forth in the certified translation of Article 1652 of the Panamanian Code. (Dkt. No. 61.) For the reasons set forth below, Defendants' motion is granted in part, and denied in part.

## I.  REQUEST FOR RECONSIDERATION

To the extent that Defendants' motion requests reconsideration of the Court's decision to denying their request for dismissal of all of Plaintiffs' claims due to the doctrine of *forum non conveniens*, that motion is untimely.

Defendants' motion was filed on June 8, 2009. (Dkt. No. 61.) The Order of which reconsideration was sought was entered on May 5, 2009. (Dkt. No. 56.) *See* N.D.N.Y. L.R. 7.1(g) (setting ten-day deadline for motions for reconsideration). Defendants' attempt to characterize the Order of which reconsideration is sought as being the Court's Text Order of May 29, 2009, is unconvincing. That Text Order merely indicates the extent to which Plaintiffs' signed Third Amended Complaint fails to comport with the Court's Decision and Order of May 5, 2009 (and was issued in response to Plaintiffs' request for guidance). Even liberally construed, Defendants' motion for reconsideration expressly and repeatedly challenges the substance of the Court's Order of May 5, 2009 (specifically, Part III.D.5. thereof), and only that Order. (*See, e.g.*, Dkt. No. 61, Part 2, ¶ 4; Dkt. No. 61, Part 4, Points II and III.)

In any event, even if the Court were to consider the merits of Defendants' motion for reconsideration, the Court would deny that motion as without cause: there has been no intervening change of controlling law, no previously unavailable evidence, and there exists no clear error of law or manifest injustice with regard to the relevant portion of the prior decision in question.

For these reasons, Defendants' request for reconsideration is denied.

## II.   REQUEST FOR DISMISSAL OF FIRST CAUSE OF ACTION

To the extent that Defendants' motion alternatively requests the dismissal of the First Cause of Action of Plaintiffs' Third Amended Complaint (asserting a claim of violation of Panama law) as barred by the three-year statute of limitations set forth in the certified translation of Article 1652 of the Panamanian Code, that motion is granted.

Defendants are correct that Plaintiffs failed, in their response papers, to oppose this request. (*See* Dkt. No. 63.) The closest that Plaintiffs come to opposing this request is when, in a supplemental letter request, they (correctly) point out that Defendants have improperly broadened the target of their Panamanian-statute-of-limitations argument from Plaintiffs' First Cause of Action to all of Plaintiffs' causes of action. (Dkt. No. 66; *see also* Dkt. No. 61, Part 4, at 7-8.) As a result of Plaintiffs' failure to address Defendants' argument regarding Plaintiffs' First Cause of Action, Defendants' burden on this motion is somewhat lightened with regard to that cause of action.[1]

After carefully reviewing the parties' motion papers, and Plaintiffs' Third Amended Complaint, the Court finds that Defendants have met their lightened burden on their motion to dismiss Plaintiff's First Cause of Action. The Court reaches this conclusion based on substance

---

[1]   *See Cossey v. David*, 04-CV-1501, 2007 WL 3171819, at *7 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J. *adopted by* Scullin, J.) (noting that, where plaintiffs do not respond to defendants' argument made in their summary judgment motion, plaintiffs are deemed to have consented to defendants' argument, and thus defendants must only satisfy "their modest burden of demonstrating entitlement to the relief requested through that argument"); *Saunders v. Ricks*, 03-CV-598, 2006 WL 3051792, at *9 (N.D.N.Y. Oct. 18, 2006) (Lowe, M.J. *adopted by* Hurd, J.) ("By failing to respond to Defendants' first argument . . . Plaintiff may be deemed to have consented to that argument under Local Rule of Practice 7.1(b)(3). Thus, Plaintiff's claim against those Defendants may be dismissed on that ground alone [provided that] . . . Defendants have met their modest threshold burden to demonstrate entitlement to the relief requested in their motion for summary judgment."); *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]).

of the certified translation provided by Defendants (i.e., the certified translation of Article 1652 of the Commercial Code of the Republic of Panama).  (Dkt. No. 61, Part 3.)  The Court reaches this conclusion also based on the reasons stated in Part III.D.7.a. of the Court's Order of May 5, 2009.  (*See* Dkt. No. 56, at 44-47.)  *See also Rusyniak v. Gensini*, 629 F. Supp.2d 203, 231-33 (N.D.N.Y. 2009) (Suddaby, J.).

For these reasons, Defendants' request to dismiss Plaintiff's First Cause of Action is granted.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion (Dkt. No. 61) is **GRANTED in part**, and **DENIED in part**, in accordance with the above Decision and Order; and it is further

**ORDERED** that Defendants' motion for reconsideration of the May 5, 2009 Decision and Order is **DENIED**, however, the First Cause of Action of Plaintiffs' Third Amended Complaint (Dkt. No. 58) is **DISMISSED** as barred by the three-year statute of limitations set forth in the certified translation of Article 1652 of the Panamanian Code; and it is further

**ORDERED** that counsel for all parties are directed to attend an in-person pretrial conference on **NOVEMBER 19, 2009 at 2:00 p.m.** in Judge Suddaby's chambers in Syracuse, New York, at which counsel are directed to appear with settlement authority.

Dated: October 30, 2009
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

4